UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WINDWARD BORA LLC,

                    Plaintiff,

-against-

GEORGE BOYLE; JANINE BOYLE,

                    Defendant(s).
------------------------------------------------------------------X

20-cv-08838-CS

~~PROPOSED~~ DEFAULT JUDGMENT OF FORECLOSURE AND SALE

On the Summons in a Civil Action (the "Summons") and Verified Complaint and (the "Complaint") filed herein on October 22, 2020; on the Notice of Pendency filed in the Rockland County Clerk's Office; upon the Clerk's Certificates of Default, entered on January 5, 2021; and upon the Order to Show Cause of Plaintiff Windward Bora LLC for a Judgment of Foreclosure and Sale, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Court finds that;

The amount computed by the Court to be due on the Note and Mortgage is $145,315.95, including interest as set forth in the Affidavit of Statement of Damages as of March 9, 2021.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" and sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the

premises at the time of closing; and with any apportionments or adjustments; at public auction to be held in at public auction to be held on the steps of the United States District Courthouse, 300 Quarropas Street, White Plains, New York, by and under the direction of Carl L. Finger, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 in the Rockland Journal News and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, said third party shall tender to the Referee at the time of the foreclosure sale a deposit in the amount equal to at least ten percent (10%) of the amount of the purchase price by certified funds payable to the order of the Referee, and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in a FDIC insured Bank and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

1st    The sum of $750.00 to said Referee for his fees herein.

2nd    The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd    And also the sum of $145,315.95 (inclusive of costs), the amount computed and adjudged to Plaintiff as aforesaid, and also the amount of any sums expended by Plaintiff, for

taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED**, that said Referee or his duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. That said Referee or his duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's

Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, the Plaintiff shall recover from Defendants the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show;

any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Said premises commonly known as 131 Washburns Lane, Stony Point, New York 10980.

A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: White Plains, New York

_____5/10_____, 2021

ENTER:

_____
The Honorable Cathy Seibel, U.S.D.J.

**SCHEDULE A**

Section 20.06 Block 2 and Lot 58

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Stony Point, County of Rockland and State of New York, more particularly bounded and described as follows:

BEGINNING at a point on the Northerly side of Washburns Lane which point is distant Westerly 335.00 feet from a Rockland County Highway Monument set at the most Westerly end of the curve connecting the Northerly side of Washburns Lane with the Westerly side of Brooks Drive;

RUNNING THENCE along the Northerly side of Washburns Lane, North 61 degrees 53 minutes 00 seconds West, 70.00 feet to a point;

THENCE along the Easterly line of lands now or formerly of Gates, North 28 degrees 07 minutes 00 seconds East, 151.50 feet to a point;

THENCE along the Southerly line of lands now or formerly of Cazzolla and continuing along the Southerly line of lands now or formerly of Bane, South 61 degrees 53 minutes 00 seconds East, 70.00 feet to a point;

THENCE along the Westerly line of lands now or formerly of O'Dell, South 28 degrees 07 minutes 00 seconds West, 151.50 feet to the Northerly side of Washburns Lane and the point and place of BEGINNING.

EXCEPTING AND EXCLUDING THEREFROM the most Southerly 8.5 feet of the aforementioned premises immediately adjoining Washburns Lane, which said strip of land was dedicated to the Town of Stony Point by Deed dated February 18, 1954 made by Syd S. Broadman and recorded in the Rockland County Clerk's Office on December 2, 1960 in Liber 725 Page 653.

Premises known as 131 Washburns Lane, Stony Point, New York 10980